IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMSES ELIECER ROSARIO HERNANDEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al. | : | NO. 26-2306 |

## ORDER

**AND NOW**, this 15th day of April, 2026, upon consideration of Petitioner Ramses Eliecer Rosario Hernandez's "Verified Petition for Writ of Habeas Corpus" (Docket No. 1) and the Government's "Opposition to Petition for Writ of Habeas Corpus" (Docket No. 5), **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**.[1]

---

[1] Ramses Eliecer Rosario Hernandez is a national of Venezuela. (Pet. ¶ 1.) He entered the United States at Eagle Pass, Texas on January 18, 2022. (Id. ¶ 17.) Shortly after Mr. Hernandez entered the country, Department of Homeland Security ("DHS") officers encountered him, detained and processed him, initiated removal proceedings, and released him to live in Pennsylvania with his family. (Id. ¶ 18.) Since entering the country, Mr. Hernandez has established a community in Mount Pocono, Pennsylvania, and he has worked with authorization to support his family. (Id. ¶ 19.) Mr. Hernandez has complied with all of the conditions of his removal proceedings and release from detention, and he has attended all of his scheduled immigration hearings and check-in appointments with Immigration and Customs Enforcement ("ICE"). (Id. ¶ 20.) Mr. Hernandez was granted Temporary Protected Status on March 2, 2024. (Id.) He has also applied for asylum, and his next immigration hearing is scheduled for November 19, 2026, in the Philadelphia Immigration Court. (Id.) On April 7, 2026, when Mr. Hernandez appeared for a routine check-in appointment in Philadelphia, Pennsylvania, DHS officials took him into custody without providing him with prior notice or the opportunity to contest his detention. (Id. ¶¶ 2, 21.) DHS is currently detaining Mr. Hernandez at the Federal Detention Center in Philadelphia. (Id. ¶ 22.)

Mr. Hernandez challenges the lawfulness of his detention on statutory grounds and as a matter of due process. The Government opposes the Petition. It argues, just as it has argued in a whole host of similar cases in this District, that we should deny the Petition because (1) Mr. Hernandez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) his detention does not violate due process. "As courts in this District and across the country have repeatedly held in hundreds of recent cases, these arguments are unavailing." Benitez Villa v. JL Jamison, Civ. A. No. 26-1926, 2026 WL 907582, at *2 (E.D. Pa. Apr. 2, 2026); see also Alekseev v. Warden, Phila. Fed. Detention Ctr., Civ. A. No. 26-462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026)

2. Mr. Hernandez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and is instead subject to detention, if at all, pursuant to the provisions of 8 U.S.C. § 1226.

3. The Government shall immediately **RELEASE** Mr. Hernandez from custody.

4. The Government shall certify compliance with Paragraph 3 of this Order by filing, no later than noon on Friday, April 17, 2026, a certification of Mr. Hernandez's custody status.

5. If the Government chooses to pursue re-detention of Mr. Hernandez pursuant to § 1226(a), it must afford him a bond hearing before a neutral immigration judge as that provision requires.

6. Mr. Hernandez's unopposed request for an order requiring the Government to return

---

(stating that by February 13, 2026 "every member of this Court ha[d] repeatedly rejected the Government's interpretation of the INA . . . [in] 201 decisions, all granting 'undocumented immigrants' habeas relief").

Significantly, the Government "acknowledges that all courts in this district (and many more elsewhere)" have rejected its position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (Opp. at 5.) We previously analyzed this issue in our Memorandum Opinion in Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025). We ultimately concluded in Hurtado that it is unlawful to subject noncitizens who have been residing in this country without incident to mandatory detention under § 1225(b)(2). 2025 WL 3678432, at *5-6. We will not repeat our Hurtado analysis here. We do note "that divided panels of the Fifth and Eighth Circuits found the Government's interpretation of § 1225 to be correct." See Benitez Villa, 2026 WL 907582, at *3 (discussing Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, --- F.4th ---, 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026)). "These opinions are not binding authority," id., and we do not find their reasoning persuasive for the reasons set forth in Vimos v. Federal Detention Center Philadelphia, Civ. A. No. 26-780, 2026 WL 381173, at *5 n.12 (Feb. 11, 2026) (discussing Buenrostro-Mendez, 166 F.4th at 502-08).

Relying on our decision in Hurtado and the plethora of other comprehensive and well-reasoned opinions in this District that have rejected the Government's arguments, see, e.g., Kashranov. v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); Ibarra v. Warden of Fed. Det. Ctr. Phila., Civ. A. No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); Alekseev, 2026 WL 413439; and Benitez Villa, 2026 WL 907582, we grant the instant Petition.

all of his personal property, including identification and documents, is **GRANTED**, and the Government shall return such personal property to Mr. Hernandez upon his release.

7. With respect to Mr. Hernandez's request for an award of his costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), we **DEFER** any ruling.  Mr. Hernandez may file an appropriate motion for costs and fees pursuant to the EAJA no later than May 15, 2026.

BY THE COURT:

 /s/ John R. Padova, J.
John R. Padova, J.